HIRAM BURKE v. MARVIN WILBER.

*Secondary evidence—Statute of frauds—Declaration.*

The objection that documentary rights have been shown by secondary evidence, cannot be reserved for the appellate court if no objection was made to its admission until the point was raised on a request to charge after the evidence was closed.

The Statute of Frauds does not require a vendee's agreement to pay the purchase money for land, to be written to enable him to contract to sell the land again. It is therefore of no consequence, so far as such a contract is concerned, whether the vendee could have enforced his rights in the land as against his vendor, or not; and the vendee's grantee is not concerned in dealings between the vendee and his vendor as to what the former shall receive out of any money to be paid for the land.

A declaration cannot be objected to in the appellate court for insufficiency if it was not demurred to, and if it set forth the facts intelligibly and the proofs made out a sufficient case and furnished ample material for amending it to satisfy the technical rules of pleading.

Error to Iosco. Submitted Oct. 30. Decided Nov. 29.

ASSUMPSIT. Defendant brings error.

*Turnbull & McDonald* for plaintiff in error. When a declaration in assumpsit does not allege any consideration it shows no cause of action and is bad after verdict and on error, 1 Wait's Actions, 393; *Benden v. Manning,* 2 N. H., 289; *Hemmenway v. Hickes,* 4 Pick., 497; and advantage may be taken of it by an objection to evidence, *Stoflet v. Marker,* 34 Mich., 313; to recover for realty sold, plaintiff must show a conveyance by proper evidence, for the consideration to support the promise to pay the price is the release of his title, *Bowen v. Bell,* 20 Johns., 338; *Whitbeck v. Whitbeck,* 9 Cow., 266; *Macy v. Raymond,* 9 Pick., 286.

*W. C. Stevens* and *Hatch & Cooley* for defendant in error.

CAMPBELL, C. J.   Wilber sued Burke and recovered
judgment against him under the following circumstances,
the only questions disputed on the trial being the amount
of consideration, and the fact of an account stated.

· Wilber made a bargain with Burke for the sale to him
of certain lands the title whereof was in John Phelps.
Wilber's statement, which the jury accepted as the truth,
was in substance that Phelps held the title but Wilber
had an interest of one-half in it after certain deduc-
tions were made for outlays, and that it was agreed
between him and Burke that Wilber should have $1500
for his interest,—it having already been ascertained by
Wilber from Phelps that the latter would accept $2500
for his own part, but Burke being at liberty to get it
cheaper if he could.   Burke obtained the land from
Phelps according to this understanding, which was estab-
lished also by Phelps.   Burke admits the transaction in
the main as stated by Wilber and Phelps, except as to
price.   Wilber testified to a subsequent comparison and
settlement of accounts in which $310 remained due to
him.   Burke claimed there was no balance due.

The chief defense rested on the statute of frauds; and
this we think does not apply.   The objection that no
deed was proved from Phelps to Burke is of no force,
because no objection was made to the parol evidence
from which it was to be inferred that Burke had got
what he regarded as sufficient assurance of title.   With-
out some objection seasonably made requiring the doc-
umentary rights to be proved by primary evidence, it
cannot be allowed to parties to keep back such a point
for the consideration of an appellate court, on a request
to charge presenting the point for the first time after
the evidence was closed.   Secondary evidence admitted
without objection is sufficient.

The statute of frauds, as held in *Holland v. Hoyt*, 14
Mich., 238, does not require the agreement of a vendee
to pay purchase money to be in writing.   And this
being so, it is of no consequence whether Wilber could

or could not have enforced his rights in the land against Phelps. When the parties all agreed that Wilber should have a certain sum out of the price paid, it in no way concerned Burke why this was done, and he cannot inquire into the dealings between Phelps and Wilber.

The charge as given covered all the points in the case which were material, and was in a better form to instruct the jury than the specific requests asked by the plaintiff in error.

As the declaration was not demurred to, its lack of technical accuracy is not important. It sets out the facts so as to be intelligible, and the record shows that there was a sufficient case made by the proofs, which would have furnished ample material for any amendment necessary to satisfy the technical rules of pleading.

We find no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.