MISSOURI PACIFIC RAILWAY COMPANY v. J. W. MITCHELL.

No. 2771.

1. **Pleading—Indefinite Allegations.**—In an action by an injured passenger against the railway company upon whose track the wreck occurred causing the injury, the petition contained the following clause: "Plaintiff further charges that by said derailment he was put to great inconvenience and delay; that he was expected at the city of Tyler on the said twenty-sixth day of December, 1887 (day of the wreck), but was unable to reach said city; that the weather was bitterly cold and the place of the accident was not near any house, and that he was forced to walk back to the town of Troupe for shelter, and suffered thereby greatly; and that by reason of said inconvenience and delay he was damaged in the further sum of $500." In the charge *inconvenience* was in the list of items of damages to be computed. The defendant excepted to the clause, "because vague and not showing with sufficient certainty facts that en-

title plaintiff to such damages." *Held*, that the court erred in overruling the exceptions, and for such error, and submitting the matter to the jury, a judgment for the plaintiff for actual damages for $7500 was reversed.

2. **Immaterial Error.**—The admission of irrelevant testimony upon the issue of exemplary damages will not be ground for reversal where only actual damages were given, where the charge further cautioned the jury that such testimony was not sufficient to support a verdict for exemplary damages.

3. **Practice—Opinion—Testimony.**—A physician called as an expert, in giving his opinion upon the extent of the injury to plaintiff, testified to probable results likely to follow based upon declarations made by plaintiff to witness not in evidence. No objection was made, but defendant by a charge requested that the testimony be disregarded. *Held*, that objections should have been made to the testimony when offered, and the instruction was properly refused.

4. **Undeveloped Effects Likely to Follow Personal Injury.**—The court properly charged the jury, "to entitle plaintiff to recover for future damages there must be a reasonable certainty as to such future damage—a mere probability of its occurrence is not enough;" there being testimony that a spinal injury would likely become more aggravated in the future.

5. **Testimony to Condition of Track at Other Places.**—The question of liability of the railway company for damages should have been confined to the condition of the road at the time and place of the occurrence, and all issues as to the condition of the road elsewhere, as well as of previous wrecks, ought to have been kept from the jury in whatever form presented.

6. **Same—Charge Excluding it.**—The exclusion by the charge of irrelevant testimony may render the error immaterial, yet such practice is criticised.

7. **Cases Adhered To.**—M. P. Ry. Co. v. Johnson, 72 Texas, 95, and M. P. Ry. Co. v. Shuford, 72 Texas, 165, adhered to.

APPEAL from Upshur. Tried below before Hon. Felix J. McCord. The opinion states the case.

*Whitaker & Bonner*, for appellant.—1. Facts entitling a plaintiff to recover damages should be pleaded with sufficient certainty to show a legal liability on defendant's part, and the court should only submit such issues to the jury.

2. On account of future results to flow from the injury, compensation for damages can only be awarded when it is rendered reasonably certain from the evidence that such results will evidently and necessarily follow from the original injury.

3. Evidence of symptoms of injury not testified to by plaintiff, but stated by him to Dr. Walker, his physician, to exist, can not be considered as evidence that such symptoms in fact existed; otherwise hearsay evidence would be admitted as of the same force and effect as primary evidence.

4. Attorney fees and costs of prosecuting a suit form no part of the actual or compensatory damages to be awarded to a person injured by the negligence of a railroad company.

5. Evidence of the condition of the road bed and track should be confined to the place or in the vicinity of the place where the accident oc-

curred, and to the direct cause of the accident and the injuries there-from, and evidence of the general bad condition of the track at other times and places mislead the jury and prejudice the rights of the defendant before them, whereby in this case the damages awarded were largely increased. Railway v. Shuford, 72 Texas, 165; Railway v. Mitchell, 72 Texas, 171; Railway v. Brazzil, 72 Texas, 233.

*Horace Chilton*, for appellee, controverted in detail all the propositions assumed by appellant, as either inapplicable to the facts or untenable in law.

HENRY, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages for personal injuries received by him in a wreck of one of defendant's trains, on which he was being conveyed as a passenger, at a point between Tyler and Troupe.

The petition charges that the road bed between the two places named, as well as at the place of the wreck, was out of order, in bad condition, and unsafe for the transportation of passengers thereon; that the ties at the place of the derailment were old and rotten, the iron rails were worn and broken, and the track was out of level, all of which contributed to and caused the wreck.

The petition charged that plaintiff's expense for medical attention, to which he was subjected in consequence of his injuries, amounted to one hundred dollars; that the value of time lost by him amounted to five hundred dollars, and that by his physical and mental suffering he had been damaged ten thousand dollars. He prayed for twenty thousand dollars as exemplary damages. The petition contains also the following additional allegations:

"Plaintiff further charges that by said derailment he was put to great inconvenience and delay; that he was expected at the city of Tyler on the said 26th day of December, 1887, but was unable to reach said city; that the weather was bitterly cold, and the place of the accident was not near any house, and that he was forced to walk back to the town of Troupe for shelter, and suffered greatly thereby; and that by reason of said inconvenience and delay he was damaged in the further sum of five hundred dollars."

The court in its charge to the jury directed them to take into consideration the injuries of defendant on account " of mental pain and physical suffering, his loss of time, medical bills, and his inconvenience."

The defendant specially excepted "to all allegations in the petition claiming five hundred dollars special damages for inconvenience and delay, because they are vague and do not show with sufficient certainty facts that entitle plaintiff to recover such damages."

The exception was overruled by the court.

Over the objection of defendant, plaintiff was permitted to prove by many witnesses that the International & Great Northern Railroad bed and track between Troupe and Tyler, and also between Tyler and Lindale, at and before the time of the wreck, was in bad condition; that many ties were rotten and the iron greatly worn, and that several wrecks of freight and other trains had occurred between said points.

The bill of exceptions taken by defendant to the ruling states that this evidence was offered by plaintiff to show gross negligence under his claim for exemplary damages.

At the request of defendant's counsel the court charged the jury "not to find exemplary damages against defendant merely because of the alleged bad condition of the railroad bed and track, and not to consider any evidence of the bad condition of the track and road bed at other places than where the wreck occurred, if the wreck was caused by a broken rail." The jury found a verdict for actual damages only.

The petition charged the damages claimed resulted from the "inconvenience and delay," and the charge directed the jury to consider "inconvenience" as one of the grounds of damage. The count does not state a cause of action with the required precision, and the exception should have been sustained, and the charge referring to it ought not to have been given.

The court at the request of the defendant charged as follows: "To entitle plaintiff to recover for future damage there must be a reasonable certainty as to such future damage—a mere probability of its occurrence is not enough."

Defendant asked the court to give the following as part of the same charge: "Future damages can only be awarded when it is rendered reasonably certain from the evidence that such damages will evidently and necessarily result from the original injury;" which the court refused. We think the discrimination made by the court was correct.

Dr. Walker, a witness for plaintiff, among other things, testified as follows: "I am positive plaintiff is permanently injured in his spine, and can demonstrate it to the jury. He has a nervous twitching in his right eye, and the eye itself indicates some special affection. I examined his eye before and found the trouble, and he assured me he had never suffered with sore eyes or been injured in his eye. He will never get well. He will constantly grow worse."

This witness had on a previous examination given strong testimony to the effect that plaintiff had suffered a permanent spinal injury, while other expert witnesses had expressed opinions, to some extent challenging the correctness of his conclusion.

This evidence was admitted without objection, but afterwards defendant's counsel requested the court to charge the jury to not consider "evi-

dence of symptoms of injury not testified to by plaintiff, but stated by him to Dr. Walker."

We think the evidence was improper, and if it had been objected to when offered it ought to have been excluded. The objection, however, came too late when interposed for the first time in the form of a charge to the jury, and the court properly refused to give the charge.

The defendant requested the court to charge the jury not to include in their estimate of actual damages any expense for attorney fees or expense incurred by plaintiff in attending court to prosecute his suit.

Such damages were not alleged in the pleadings nor included in the evidence, and a charge upon the subject was properly refused.

It is claimed that the verdict for $7500 actual damages is excessive. As the cause will be reversed upon another ground, and as neither the verdict nor the evidence may on another trial correspond with what it was upon the trial under review, we deem it improper to discuss this assignment.

The evidence with regard to the general condition of the International & Great Northern Railroad, on which the wreck occurred, between Troupe and Lindale ought not under the circumstances of this case to have been admitted upon the issue of exemplary damages, or for any other purpose.

The question of the liability of the defendant for damages of any kind should have been confined to the condition of the road at the time and place of the occurrence, and all issues as to the condition of the road elsewhere, as well as of previous wrecks elsewhere, ought to have been carefully kept from the jury, in whatever form they were presented. Railway v. Johnson, 72 Texas, 95; Railway v. Shuford, 72 Texas, 165.

As will be seen by the charge we have quoted, all evidence of this character was excluded by the charge of the court from the consideration of the jury for all purposes.

While we think the introduction of such evidence, and especially of such a mass of it as we find in the record, was highly improper, yet, if the admission of this evidence was the only error shown by the record, then in view of the fact that it was admitted only on the issue of exemplary damages, and as the jury were instructed not to consider it under that issue, and as the jury gave no verdict for exemplary damages, we would not reverse the cause for that reason.

For the errors committed in overruling defendant's exception to the petition, and in giving the charge on the same subject, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 12, 1889.