### R. P. HOLLAND v. MARY BELLE RIGGS.

Decided January 21, 1909.

**1.—Mental Unsoundness—Suit by Next Friend.**

An action on behalf of a person of unsound mind may be prosecuted by another as next friend, without previous adjudication of plaintiff's incapacity or the appointment of a guardian. Lindly v. Lindly, 102 Texas, 135, followed.

**2.—Same—Husband and Wife—Suits between.**

The wife has a right to maintain action against the husband in this State to cancel her deed to him obtained by fraud, and may continue to prosecute, after marriage with defendant, a suit of such character commenced before marriage. The mere fact of marriage would not abate the action, nor give to the husband a personal right to discontinue it without her consent—if mentally capable of such consent—or if incapable, the consent of those admitted by the court to prosecute the action on her behalf.

**3.—Same—Void Marriage.**

If the plaintiff in a suit brought by next friend was so mentally incapaci-tated, then and subsequently, as to be incapable of contracting marriage, a marriage ceremony between her and the defendant, pending the suit, would have no effect on the right to prosecute the suit nor give him a right to con-trol or dismiss it.

**4.—Assignment of Error—Rulings on Demurrer.**

A general assignment of error in the overruling of a demurrer embracing numerous general and special exceptions is insufficient.

**5.—Deposition of Adverse Party.**

In a suit prosecuted by next friend on behalf of one alleged to be non compos mentis, no error appeared from refusing to permit defendant to use the ex parte deposition of plaintiff taken under the statute at his instance, especially when the plaintiff was present at the trial and he had opportunity to examine her orally.

**6.—Evidence—Deed—Certified Copy.**

In an action to cancel a deed alleged to have been obtained by defendant from plaintiff by fraud, no error appeared in the admission of a certified copy of the record of the deed, though it had not been previously filed in the case nor notice to produce the original given to defendant, where its execution was proved by the testimony of defendant and other witnesses in his behalf.

**7.—Evidence—Undue Influence—Other Transactions.**

On the issue of fraud by defendant, in obtaining from plaintiff by undue influence over one mentally unsound, a conveyance of her property, other trans-actions by plaintiff with other persons, when defendant was present, might be inquired into on his cross examination. At least the inquiry was harmless where his answers exonerated him from wrong in the transaction.

**8.—Evidence—Objection—Motion to Exclude—Charge.**

Objection to inadmissible testimony should be taken when offered or by motion to exclude when its inadmissibility is discovered. No error was shown in the refusal of requested charges first raising the question by withdrawing it from consideration of the jury.

**9.—Attachment of Party as Witness.**

In an action by next friend on behalf of an aged woman, alleged to be of unsound mind, and from whom, it was charged, defendant, having obtained undue influence and control over her, had fraudulently procured a conveyance of her property, and had in order to defeat the suit married her while she was incompetent to contract marriage, no error to defendant's prejudice ap-peared in the issuance of an attachment for the plaintiff herself, who had refused to attend, and in her production in court thereby and examination by the court, not before the jury, to determine whether her mental condition justified her testifying as a witness.

**10.—Pleading—Supplemental Petition—Annulment of Marriage—Judgment—Appeal.**

Plaintiff sued by next friend to cancel a deed alleged to have been obtained by fraud and undue influence on one mentally incompetent; defendant, having thereafter gone through a marriage ceremony with plaintiff, moved to dismiss the suit by her authority and his own as husband; the next friend, on behalf of plaintiff, by supplemental petition, alleged that the marriage was null by reason of plaintiff's disability and asked that it be so adjudged. Held that the supplemental petition could not be made the basis of a judgment declaring the marriage null; only such relief could be had as was claimed by original or amended original petition; the supplemental petition was available only to defeat the motion to dismiss; but that so much of the decree as cancelled the conveyance for fraud should be permitted to stand.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*Dowell & Dowell,* for plaintiff in error.

*Z. T. Fulmore,* for defendant in error.

HODGES, ASSOCIATE JUSTICE.—Mary Belle Riggs, who appears in this case by next friend as defendant in error, was an aged colored woman, whose exact age at the time of this suit was not accurately known but is alleged to have been between seventy and eighty years. She was the owner of lots Nos. 9 and 10 in block 171 in the city of Austin, and some other property not necessary here to mention. She had raised from infancy the party, Nancy McQueen, who appears in this suit as her next friend. Nancy McQueen claimed to be the niece of Mary Belle Riggs, and her nearest relative in Texas. About the year 1900 the plaintiff in error, Holland, became acquainted with Mary Belle Riggs, which acquaintance for some reason subsequently ripened into an intimate friendly relation between the parties, so much so that Holland took up his abode with the Riggs woman and continued thereafter to live at her house. Holland was about thirty-nine or forty years of age, and was at the time he went to live with Mary Belle Riggs a married man, having a wife and several children in San Antonio. According to his testimony, Mary Belle Riggs took quite a fancy to him on account of his resemblance to a man by the name of Johnson, whom she had known in another State in her younger days and of whom she was very fond. Holland testifies that he remained at the home of Mary Belle Riggs as one of the family, looked after her property, and generally attended to her business affairs. On the 5th day of April, 1907, Mary Belle Riggs executed to Holland a deed to lot No. 9, of block 171, in the city of Austin, purporting to convey the lot in consideration of love and affection and $5 cash in hand paid. This deed was withheld from record for some time afterward. At this time Nancy McQueen had married and was living elsewhere. Upon learning that Holland had procured a deed from her alleged aunt, and also that her aunt had been induced to part with another valuable piece of property, described as lot No. 10, she instituted this suit, and joined by her husband as the next friends of Mary Belle Riggs, alleged substantially: The age of Mary Belle Riggs, the discrepancy between her age and that of Holland, and that Holland was an educated man, in no way related by consanguinity or affinity to Mary Belle Riggs; that he was a married man living separate and apart from his wife and family; that he, knowing that Mary Belle Riggs was old and infirm, took up his residence at her home and had lived with her and in various ways acquired an undue influence over her so as to be able to control her in all her actions and business transactions and for the purpose of getting possession of all of her property; that on the 5th day of July, 1907, he persuaded her to execute the deed to a valuable piece of property for $3,500 in cash, and to pay one W. S. Lee as a commission on the said sale the sum of

$1,200; or some such large and unreasonable sum. The most of the remainder of the money was, in various ways detailed in the petition, alleged to have been appropriated by Holland. It is further alleged that Mary Belle Riggs, being wholly incompetent to transact business, was on the 7th of April, 1907, induced to convey lot No. 9 in block 171 in the city of Austin, and on which she was living, to Holland, in consideration merely of love and affection and payment of $5; that at the time of the execution of these deeds, and long prior thereto, Mary Belle Riggs was mentally and physically incapacitated to understand what she was doing and was utterly ignorant and unable to understand the nature of her actions, and was induced and influenced by Holland to execute the deeds as aforesaid; that the property was at the time worth about $1,200; that later Holland induced her, by the same method, to execute a deed to lot No. 10, which left her homeless and without anything to support her in her old age. It is further alleged that the deed executed on April 7, 1907, was concealed and kept off the record until a few days before filing this suit, for the purpose of keeping all the transactions secret and in order to get possession of the entire estate of Mary Belle Riggs, and with the intent and purpose to appropriate all of it to the use and benefit of Holland, together with his confederates in fraud. It was charged that the deeds were void for the following reasons: because Mary Belle Riggs was non compos mentis when they were executed; that they were wholly without consideration either valuable or good; that the signature of Mary Belle Riggs was obtained for the evil purpose of depriving her of her entire estate and putting it in money in order that Holland might get the control of and appropriate the same to his own use and thus completely despoil her during her old age of her only means of support. The petition closed with a prayer asking that the deeds mentioned be canceled, and for a recovery of certain sums of money alleged to have been appropriated by Holland.

The plaintiff in error, Holland, plead in abatement of this action: That the suit could not be maintained by Nancy McQueen and her husband as next friend to Mary Belle Riggs, because the latter was sane at the time of the institution of the suit, and further, because she had not been adjudicated a lunatic by any court of competent jurisdiction. He then filed general and special demurrers, a general denial, and special answers denying specifically the matters charged in the amended original petition. Later Holland filed a motion to dismiss the cause from the docket of the court because of the manner in which it was brought, and because Mary Belle Riggs herself had repudiated the action of McQueen and husband in bringing the suit as her next friend, and because she did not desire any such suit instituted, and for various other reasons not necessary here to mention. To this motion is appended a communication signed by Mary Belle Riggs and addressed to the judge of the court, and in which she expresses a desire to have this particular cause dismissed, stating that it was brought without her knowledge and consent and that the parties purporting to act for her have done so without any authority, and are not her friends, and she does not wish them to be. She further stated that in bringing this suit Nancy McQueen is doing so for the purpose

of getting more money; that she is not crazy, but is competent to manage her property, and thinks that she should be left to dispose of it to suit herself "without interference or outrages the balance of her life," and adds, "I again wish to say that she (referring to Nancy McQueen) is no relation of mine whatever. I have done much for her, and I am truly sorry that she had acted in this way in the last years of my life, as I take it, alone for money."

On October 30, 1907, the plaintiff in error filed the following other motion to dismiss: "Now comes Robert B. Holland, the defendant herein, and represents to the court that he is now the husband of the plaintiff Mary Belle Riggs; they have been united in marriage as such, and as such husband he has control of her property, and her estate vesting in him by law now dismisses this case, and asks that the same be dismissed at the cost of her next friends, Nancy McQueen and Woodman McQueen." On November 4th the plaintiff in error made a motion to strike out the pleadings of defendant in error for the following reasons: (1) That Mary Belle Riggs was at that time the wife of R. B. Holland, and was in no need of a next friend; (2) that the supplemental petition sets up cause of action that can only be presented in an original petition or amendment thereto; and (3) that the matter set up in the supplemental petition can not be plead in an action for which the original suit was brought, and is nonjoinable in this case. These motions were overruled by the court.

The defendant in error filed what is styled "a supplemental petition" replying to the matters set up in the motion of Holland to dismiss on account of his having married Mary Belle Riggs, and among other things charged that the marriage was contracted secretly and clandestinely (stating facts upon which that conclusion is predicated) and at a time when Mary Belle Riggs was wholly incapable mentally and physically of entering into a marriage contract or any other contract requiring the exercise of reason and judgment, and was incapable of appreciating the effects and consequences of such an act as marriage; that by reason of the facts stated the marriage was wholly void, and that it was procured by the defendant with the especial intent and sole purpose of getting possession and control of the property of the said Mary Belle Riggs in order that he might defeat the ends of justice in this case and thus be enabled to despoil the said Mary Belle Riggs of all her property and appropriate the same to his own use and benefit; and concludes with a prayer that, in addition to the relief asked in the amended original petition, the pretended marriage be decreed as void and of no effect, and for general and special relief. To this supplemental petition the defendant filed demurrers and answers.

The court submitted to the jury the issue as to the mental condition of Mary Belle Riggs at the time she executed the deed in question and at the time of the trial, and also the further issue as to her capacity to understand the nature of the proceedings at the time she entered into the marital relation with Holland. The jury were instructed, if they believed Mary Belle Riggs was of unsound mind at the time the deed was executed, and that the plaintiff in error exercised undue influence to procure the execution of the deed in his favor

without an adequate consideration, to return a verdict in favor of the plaintiff. The court also instructed the jury, if they believed from the evidence that Mary Belle Riggs was of sound mind, or that her mental faculties were not so impaired as to materially interfere with the exercise of her reason and judgment, at the time of the trial, or at the institution of the suit, to find for the defendant; that before they could find for the plaintiff they must believe that Mary Belle Riggs was of unsound mind at the time of the execution of the deed and at the time of the trial, otherwise they should return a verdict for the defendant. The following charge was also given: "If you find for the plaintiff under paragraph 6 or 7 of this charge, and if you believe from the evidence that at the time of the performance of the marriage ceremony between the said Mary Belle Riggs and defendant the said Mary Belle Riggs was not possessed of sufficient mental capacity to have understood, in a reasonable manner, the nature and effect of the marriage contract, then you will find for the plaintiff, annulling such marriage contract, and say so by your verdict." The jury returned a verdict for the plaintiff in the following form: "We, the jury, find for the plaintiff for the cancellation of the deed of date April 9, 1907, and also for the annulment of the marriage with defendant November 7, 1907."

It appears from the testimony that after the institution of this suit Holland procured a divorce from his wife in San Antonio, suit having been instituted by her and service waived by him and no contest interposed; that he learned by telephone from a party in San Antonio of the granting of the divorce, and within a few days thereafter—not more than a week—he and Mary Belle Riggs were married under circumstances tending to show an effort to conceal the marriage. The marriage took place on the 29th of October, and on the day following the motion hereinbefore referred to by Holland demanding the dismissal of the suit as the husband of Mary Belle Riggs was filed.

The testimony was conflicting as to what the mental condition of Mary Belle Riggs was at the time the deed was executed to the plaintiff in error on the 7th day of April, 1907. We think it is ample to sustain the finding of the jury that she was incapable of executing a valid conveyance at that time.

Before passing to the consideration in detail of the errors assigned, it is perhaps proper to discuss a proposition involved in a group of the assignments. It is contended by the plaintiff in error that a suit of this kind can not be prosecuted in behalf of a person of unsound mind, by another, as next friend. This question has been recently decided by the Supreme Court adversely to this contention. Lindly v. Lindly, 102 Texas, 135. Some of the features which complicated that case are present in this. There the person of unsound mind was an aged woman, the mother of several of the parties to the suit. It was alleged that she was of weak mind and incapable of attending to her business affairs and of appreciating her property rights; that while in this condition she had been induced by the exercise of undue influence to execute a deed conveying valuable property to one of her sons, who was the plaintiff in that suit. The suit, it appears, had been instituted by this son for a partition of the property, he claiming owner-

ship to a large portion thereof by virtue of the deed from his mother. The other heirs resisted his claim under this deed, and during the progress of the suit a plea in behalf of the mother was interposed by Jernigan, her son-in-law, as her next friend, asking that the deed be canceled on account of the mental incapacity of Mrs. Lindly and the undue influence exercised over her by the grantee in procuring its execution. It seems that Mrs. Lindly, the object of this tender care, later appeared by her attorney and repudiated the interference in her behalf, asserted her mental soundness and capacity to attend to her own business affairs, reaffirmed the deed in question, and demanded the withdrawal of the petition of intervention filed for her. In the case here under consideration the issue of the mental capacity of Mary Belle Riggs to execute the deed of conveyance is involved, and the purpose of the suit is to cancel the deed by reason of the undue influence exercised over her by Holland, the grantee, while in that condition. Here also Mary Belle Riggs, the alleged incompetent person, appears and repudiates the action in her behalf and demands the dismissal of the suit instituted to cancel the deed. In the Lindly case the Supreme Court held that in addition to the issue as to the mental condition of the alleged grantor, and her competency to execute the deed at the time, there was the further issue—the mental condition of Mrs. Lindly at the time of the trial—which must also be determined, and which appears to have been treated as collateral to the main issue. If it should be decided by the court that the party charged with mental incapacity was still incompetent to conduct her own affairs at the time of the trial and needed the services of a prochein ami, then her demands would be disregarded and the conduct of the litigation continued as begun in the name of the next friend. To require the dismissal of the suit commenced and prosecuted by the next friend in behalf of the alleged incompetent individual, merely at the dictation of the latter, would practically destroy the efficiency of those salutary regulations adopted in such proceedings for the purpose of preserving valuable property rights of an unfortunate class of people who are incapable of managing their own business affairs. The same influence which in the first instance caused the incompetent to part with her property and which afterward made it necessary for others to interfere in her behalf, might with equal facility dictate a repudiation of proffered assistance and a demand for the dismissal of the action. If the accused party is insane at the time of trial, or mentally incompetent to attend to her own business affairs at the institution of the suit, she is no more capable of conducting the suit or of determining whether or not it shall be maintained than she was of disposing of her property in the first instance. She could as easily be made the victim of fraud in the one transaction as in the other.

The court submitted to the jury in this case the issue as to what was the mental condition of Mary Belle Riggs, and her capacity to transact business, both at the time the suit was instituted and at the time of the trial, and directed a verdict in favor of the defendant below in the event they found that she was of sound mind at either of those times, regardless of whether she was of sound mind at the time the deed was executed. This was proper, and certainly was as liberal

to the defendant below as he had a right to expect. But another complication appears to have arisen in the case, resulting from the marriage of Holland, defendant below, to Mary Belle Riggs, the plaintiff in the action. This marriage is shown to have taken place on the 29th of October and before the trial was actually begun.

On the day following the marriage, October 30th, an instrument was filed by Holland through his attorneys, in which the marriage is suggested to the court and a motion made that the cause be dismissed by reason of that fact. This motion appears to have been overruled, as shown in the bill of exceptions taken at the time; and this action of the court is made the basis of an assignment of error.

The question here presented is, what legal effect did the marriage of Holland to Mary Belle Riggs have upon the status of the suit, and what rights did he acquire to its control or management by reason of having entered into that relation with the beneficial plaintiff? That the wife may institute and prosecute a suit against her husband, even after the marriage has taken place, under certain circumstances, is well settled in this State. Dority v. Dority, 96 Texas, 215. That she may continue after marriage a suit begun before follows as a corollary to the proposition. It is held in this State that the wife may sue the husband for the recovery of judgment for a personal debt, and as ancillary to that suit may procure the issuance of a writ of attachment and seize the husband's property. Ryan v. Ryan, 61 Texas, 473. We think it follows logically from this that she might with equal propriety institute against him a suit to cancel a deed which had been fraudulently procured by him from her conveying her separate property. If she can do this during their marriage, then there is no reason why she could not continue after marriage a suit for that purpose commenced before marriage. Evidently, then, the mere fact that the sole plaintiff and defendant were married to each other would not of itself abate the action. Neither could the husband, being the defendant in such a proceeding, exercise the personal right to discontinue the action against himself, or have it done, without the consent of the plaintiff wife, if she were capable of giving such consent. If from any cause she were not, then consent of those whom the court had appointed or permitted to conduct the litigation for her should be obtained, together with the approval of the court, who in such instances would be required to consult the welfare and interest of the ward. The husband would have no more authority to dismiss a suit against himself instituted by the wife, if she were insane, than he would if she were sane; nor would he be permitted, because of the wife's insanity, to conduct her suit against himself. Such a proceeding would be denying to the insane wife that degree of protection which the law accords to the wife when of sound mind. If at the time of the marriage and subsequent thereto Mary Belle Riggs was mentally incapable of entering the marriage relation, as a charge, then the marriage was a nullity and could have no legal effect whatever on the right of the parties to the suit, and could confer upon Holland no more rights over the property of Mary Belle Riggs than he possessed before. Pyatt v. Pyatt, 191 Ill., 280; Orchardson v. Cofield, 40 L. R. A., 263; Sims v. Sims, 40 L. R. A., 737. If he married her

merely to consummate a scheme to get possession of her property and to circumvent the efforts of her friends to recover what he had already obtained, as was charged; those facts would constitute a sufficient reply, if any was needed, to his motion to dismiss, and might rebut any presumption arising from the marriage that the wife had concurred in his motion to dismiss the suit.

Assignments Nos. two and three, complaining of the refusal of the court to sustain the general and special exceptions of the plaintiff in error to the amended original petition and to the supplemental petition, are too general to require consideration. Caldwell v. Harbert, 68 Texas, 325; Jackson v. Cassidy, 68 Texas, 282; International & G. N. Ry. Co. v. Downing, 41 S. W., 191. Besides the general demurrer to the original petition there are nineteen special exceptions filed, and in addition to the general demurrer to the supplemental petition there are six special exceptions. However, there are other objections urged to the supplemental petition, which will be considered by us later in the discussion of this case.

The court did not err in refusing to permit the introduction of the ex parte deposition of Mary Belle Riggs in evidence. It appears that this deposition was taken under the provisions of the article of the statute providing for taking the deposition of parties to the suit. In this case the mental condition of Mary Belle Riggs at the time of the execution of the deed in question and at the time of the trial was in issue and were controlling issues in the case. To permit, under such circumstances, the use of her ex parte deposition, taken under the provisions of the article of the statute referred to, we think would have been manifestly improper. If the plaintiff in error desired her testimony, he had the opportunity in the course of the trial, as is shown by the record, to offer her oral testimony. He not only failed to avail himself of this opportunity, but objected to the action of the court in having her brought into the court room in the presence of the jury where she could be seen by them. From these facts we can not see how the defendant was deprived of the right to avail himself of her testimony.

Objection is made to the introduction of a certified copy of the deed from Mary Belle Riggs to Holland, dated April 7, 1907, purporting to convey to him the lot in question in consideration of $5 and love and affection. The particular objections urged are: that the copy had not been filed among the papers of the cause, as required by statute; that the execution of the original had not been proven; and that no notice had been given the plaintiff in error to produce the original. In his qualifications appended to the bill of exception the court states that prior to offering the certified copy the defendant, Holland, had testified to the execution of the deed and of the circumstances attending its execution, and that subsequently in the course of the trial other evidence of its execution was admitted. We think the record fully sustains this qualification. The execution of this particular deed, and the circumstances attending it, were minutely detailed, not only by Holland himself, but by his attorneys, one of whom prepared the deed, witnessed the signature and took the acknowledgment of the grantor. This testimony was offered by the plaintiff in error. If there was any

error in admitting the copy, it was rendered harmless by the admission of this evidence. Lutcher v. Morrison, 79 Texas, 240.

There was no reversible error in permitting the plaintiff below to interrogate Holland while on the stand in regard to a land transaction between Mary Belle Riggs and Grandberry. It appears that Holland was present at the time this transaction took place; and while disclaiming any connection with it, he knew of its existence and the circumstances under which it was conducted. However, his answer fully exonerates him from any culpable connection with it, and no harm resulted from his answers.

In assignments Nos. seven, nine, twenty-one, twenty-three, twenty-five and twenty-eight the plaintiff in error complains of the refusal of the court to give certain special charges requested, in which it was sought to have excluded from the consideration of the jury certain portions of testimony concerning transactions and sale of land complained of and which were set out in the amended original petition, but were later abandoned. The record does not advise us at what stage of the proceedings this abandonment took place. ·The testimony was admitted without any objection at the time, and the only effort, so far as we are informed, to have it excluded from the jury was through the medium of the special charge mentioned. Under the rules of evidence it is the duty of the party objecting to the admission of testimony to make his objections known, together with the reasons upon which they are based, at the time the testimony is offered. This, however, is subject to the qualification that he may subsequently move to exclude the testimony upon discovering its inadmissibility, if this is not disclosed when offered. Still, this does not relax the requirement that as soon as the inadmissibility is discovered it becomes the duty of the ·objecting party to ask for its exclusion from the jury. We do not think the practice of permitting objections to testimony to be called to the attention of the court for the first time in special charges instructing the jury not to consider it, should be encouraged when there is an opportunity for earlier objection. Such a practice would so multiply issues before the jury as to become confusing. The assignments are overruled.

Objection was made by the defendant below, and a bill of exception taken, to the action of the court in issuing an attachment for Mary Belle Riggs and bringing her into court at the instance and request of her next friend, and exhibiting her to the jury on the trial. It is charged that this was error, (1) because no female is subject to attachment as a witness, (2) because the petition had alleged her to be of unsound mind and incompetent to testify, and in bringing her into court she perpetrated a fraud and imposition and undertook to obtain an undue and improper influence, and (3) because the court excluded said Mary Belle Riggs as a witness because of the fact that plaintiff, after alleging her mental unsoundness, could not tender her as a witness, and that the unsoundness of Mary Belle Riggs had nothing to do with the transactions that occurred some six or seven months prior to that date, and such testimony was inadmissible to invalidate an anterior transaction. We do not appreciate the force of these objections. In the first place, the fact that Mary Belle Riggs may have

been improperly attached is not a fact to which the plaintiff in error could object and avail himself on this appeal. The second objection is equally untenable, and the third is inapplicable to the facts attending the transaction. In his qualifications to the bill of exception the court says that Mary Bell Riggs had been previously summoned to appear; that she failed to obey and was subsequently attached and brought into the court room during the progress of the trial; that when she appeared in the room, upon objection being made by the defendant, the court immediately caused the jury to retire, and in their absence examined Mary Belle Riggs as to her competency to testify as a witness. Having reached the conclusion that she was incompetent, the plaintiff's request that she be placed upon the stand was refused. The witness retired and the jury returned to the court room. The anxiety manifested by the plaintiff in error at the appearance of Mary Belle Riggs in the court room during the progress of the trial, where she might be observed by the jury, is incompatible with his expressed desire to avail himself of her testimony and in his contention that she was a person of sound mind. From his standpoint she must have been a competent witness; and if so, we fail to see how her mere presence in the court room, within the view of the jury, could have prejudiced his interest in this case. The testimony appears to be ample to sustain the verdict of the jury in finding that Mary Belle Riggs, at the time she executed the deed in question, was a person of unsound mind and was mentally incapable of understanding and appreciating her rights in the matter. While conflicting to some extent, we think it strongly tends to show that her mental incapacity antedated the execution of the deed and continued to grow steadily worse up to the time of the trial below.

The plaintiff in error complains of the refusal of the court to strike out the supplemental petition filed in this case, and also of the judgment rendered annulling the marriage between Holland and Mary Belle Riggs. We are of the opinion that the judgment to this extent is erroneous. While the court below may not have committed any positive error in refusing to strike out what is termed the "supplemental petition" of the plaintiff, upon the motion of the defendant, it does not follow that there was also an absence of error in permitting this pleading to be made the basis for rendering a judgment granting additional relief to the plaintiff. The motion filed by the plaintiff in error to which this pleading was intended as a reply, was no part of the original answer, or the amended original answer, of the defendant below, as to the merits of the case. The issue which had been raised by his pleadings previously filed were still before the court, and those pleadings could in no sense be treated as having been abandoned. His motion here under consideration was not intended by him as amendment to those pleadings, or to supplant them in the future conduct of the case; but was merely filed in limine asking the summary dismissal of the case upon other grounds than those mentioned in the answer. The reply of the plaintiff below, while denominated by the parties a "supplemental petition," is no more than simply a reply to the facts set forth in the motion, and should not be regarded as a supplemental petition as that character of pleading is understood

in our practice. It does not controvert any of the facts or defenses set up in the original answer of the defendant.

The only judgment which could be rendered in favor of the defendant in error in this case is one supported by the allegations set forth in the first amended original petition, the pleadings which the plaintiff relies upon as the statement of her cause of action and upon which issue was joined and the trial conducted in the court below. In this pleading no mention is made of the marriage, nor any relief asked against its performance, notwithstanding it had taken place several days before the trial began and notice of that fact had been given to the next friend of Mary Belle Riggs and her attorneys. It was not necessary that the marriage be annulled in the suit in order that the relief prayed for, to wit, the cancellation of the deed from Mary Belle Riggs to Holland, should be granted. While that relief might have been obtained by amending the original petition, alleging the facts showing the occurrence of the marriage, and other facts tending to show that it was invalid, coupled with a prayer for its annulment, joined in the same action, still this was not done. We think the court, therefore, erred in rendering a judgment annulling the marriage. This error, however, is not such as to require a reversal of the judgment. The issue raised by the pleadings and the evidence were submitted to the jury in such a way that we do not think the instruction authorizing a finding for the annulment of the marriage prejudicially affected the interest of the defendant in the disposition of the issue as to mental capacity of Mary Belle to make the deed sought to be canceled. The instructions with reference to finding for the annulment of the marriage were submitted upon a state of facts independent of and disconnected with those upon which the validity of the deed was made to depend.

The error, we think, can be cured by so reforming the judgment of the trial court as to eliminate the objectionable portion. The judgment therefore will be reformed so as to limit the recovery in behalf of the defendant in error to the relief prayed for in her first amended original petition—the cancellation of the deed from Mary Belle Riggs to Holland. The costs of this appeal will be taxed against the defendant in error.

The judgment as reformed is affirmed.

*Reformed and affirmed.*

Writ of error refused.