### CARTER v. GREEN et al.

No. 4369.

Court of Civil Appeals of Texas. Texarkana.

Oct. 20, 1933.

Rehearing Denied Nov. 2, 1933.

Wm. Frank Bezoni, Pollard, Lawrence & Lux, Tom L. Beauchamp, and E. Ewing Smith, all of Tyler, for appellant.

Lacy & Molhusen, Banks & McLemore, H. A. Leaverton, W. H. Sanford, and Jack E. Price, all of Longview, and George Prendergast, of Marshall, for appellees.

SELLERS, Justice.

On January 16, 1932, Emma L. Carter, a person of unsound mind, by and through her next friend, William A. Abbey, filed this action in the district court of Gregg county to recover a certain tract of land located in said

county and a part of the G. W. Hooper survey. The defendants in the lower court were A. J. Green and a great number of others who claim an interest in the land. On February 20, 1932, W. F. Cunyus, the guardian of Emma L. Carter, was permitted to intervene and prosecute the suit along with Abbey, the next friend.

The plaintiff's petition alleged a cause of action in trespass to try title. The defendant's answer contains a general demurrer, plea of not guilty, innocent purchaser, and also sets up the five, ten, and twenty-five years' statute of limitation (Vernon's Ann. Civ. St. arts. 5509, 5510, 5519). Plaintiff in her first and second supplemental petition alleges that she was married to John C. Carter about the 16th day of December, 1896, and at all times since has been, and still is, the wife of John C. Carter, and that her disabilities as a married woman have never been removed by order or judgment of any court, and that she was under such disability of coverture prior to the date and time of the accrual, if any, of limitation as pleaded by the defendants; and she also pleaded insanity as a bar to defendants' plea of limitation. The case was tried to a jury, and with ample evidence to support them, the jury made the following findings of fact: (1) That W. E. Abbey and wife, Flora Abbey, signed and executed the deed dated October 15, 1897, conveying the land involved to Emma L. Carter and J. C. Carter; (2) that the property was not purchased in whole or in part with the separate funds of Emma L. Carter; (3) that Emma L. Carter did not purchase the land before her marriage to J. C. Carter.

There are other findings by the jury of innocent purchaser not necessary here to notice. Upon the jury's verdict the court entered judgment for defendants for title to the land, and plaintiff has duly prosecuted this appeal.

Appellant on this appeal by appropriate assignments makes the contention that the undisputed evidence shows that Emma L. Carter at the time of her marriage to J. C. Carter on December 16, 1896, which marriage is evidenced by the marriage contract introduced in evidence, was of unsound mind and incapable of entering into the marriage contract, and therefore the property could not possibly be community property. Appellees contend that the record will disclose no evidence that Emma L. Carter was of unsound mind on the date of her marriage to J. C. Carter; and, further, that if it should be held that there is evidence of such insanity, it was only sufficient to raise an issue of fact for the jury, and appellant, not having requested such issue to be submitted to the jury, waived any rights which she might have by virtue of such issue.

■■ Appellant in her pleading has made no attack upon the marriage contract, and

therefore we are confronted at once with the question of whether a marriage contract entered into by one insane at the time is void or voidable. If void, of course the contract is of no value and may be attacked at any time and in any proceedings either directly or collaterally. But if only voidable, it could only be set aside in a proceedings had for that purpose, or, in other words, it could not be attacked in a collateral proceedings as here sought to be done.

■■ From an early date in this state it has been held by our Supreme Court that a contract of an insane person is not void but only voidable. Missouri Pacific Ry. Co. v. Brazzil, 72 Tex. 233, 10 S. W. 403; Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115. Then why should a different rule apply to marriage contracts in the face of the strongest presumption possible known to the law in favor of the validity of the marriage contract? Our Supreme Court, in recognizing this presumption in the case of Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S. W. 560, 561, had this to say: " 'Every intendment of law is in favor of matrimony. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proofs, the law raises a presumption of its legality, not only casting the burden of the proof upon the party objecting, but requiring him throughout and in every particular plainly to make the fact appear, against the constant pressure of this presumption, that it is illegal and void. The strength of the presumption increases with the lapse of time through which the parties are cohabiting as husband and wife. It being for the highest good of the parties, of the children, and of the community that all intercourse between the sexes in form matrimonial should be such a fact, the law, when administered by enlightened judges, seizes upon all probabilities, and presses into its service all things else, which can help it in each particular case to sustain the marriage, and repel the conclusion of unlawful commerce.' 1 Bish. Mar. & Div. (6th Ed.) § 457. Such is the emphatic language of an able and discriminating commentator. The decisions of our court are to the same effect, and some of the cases are strikingly in point. Carroll v. Carroll, 20 Tex. 732; Lockhart v. White, 18 Tex. 102; Yates v. Houston, 3 Tex. 433."

■ We can conceive of no sound reason why such a contract should be held by us to be void and will not so hold unless the Legislature has by positive law made such contracts void. An examination of the statutes has disclosed that the Legislature has never enacted a law prohibiting the marriage of an insane person. It has, however, enacted article 4628 (Vernon's Ann. Civ. St.), which provides: "The marriage relation may be dissolved where the causes alleged therefor shall

be natural or incurable impotency of body at the time of entering into the marriage contract, or any other impediment that renders such contract void, and the court may decree the marriage to be null and void." The language of this statute is possibly broad enough to declare a marriage contract by an insane person void, but we do not believe the Legislature used the word "void" in its true meaning, but rather in the sense of "voidable" only, as it is well recognized that the courts, as well as the Legislature, often use these words indiscriminately. In this particular statute we think there can be no doubt about the Legislature using the word "void" in the sense of "voidable," since in the same statute it is expressly provided that "the Court," in the exercise of its jurisdiction, "may decree the marriage to be null and void." A judicial declaration of the dissolution of the marriage relation was evidently intended by the statute.

We are of the opinion that the marriage ·contract between Mrs. Emma L. Carter and .J. C. Carter, even if Emma L. Carter was insane at the time such contract was entered into, was not void but only voidable. Schneider v. Rabb (Tex. Civ. App.) 100 S. W. 163; ·Speer's Marital Rights (3d Ed.) § 20. Nor do ·we regard the case of Holland v. Riggs, 53 Tex. Civ. App. 367, 116 S. W. 167, as authority to the contrary, but think it supports our holding, for it is there held that the contract could not be annulled in the absence ·of pleadings authorizing such relief.

■ Another point presented by appellant is that the sale of the land by J. C. Carter ·to certain of appellees is void for the reason ·that article 3663 of the Revised Civil Statutes, which authorizes the husband to convey the community homestead without the joinder ·of the wife when there are no children and ·when it is shown that she is insane .at the time of the conveyance, is in violation of both the State and the Federal Constitutions. It .appears from the record that the appellees ·claim title to the land involved, which was ·community homestead of J. C. Carter and Emma L. Carter, under a conveyance by J. ·C. Carter at a time when his wife, Emma L. Carter, was insane. We are of the opinion ·that the point must be overruled by this court ¯in view·of the construction placed on this ·statute and others of a similar nature by the .Supreme Court in the case of Green et al. v. ·Windham et al., 115 Tex. 162, 278 S. W. 1101.

■ Appellant filed in this case an affidavit ·of forgery against the deed from Abbey and wife to Emma L. Carter and J. C. Carter conveying the land involved to them. On the trial of the case it was shown that the deed from Abbey and wife to appellant and .J. C. Carter was recorded more than thirty ;years ago, and that the certificate of acknowl·edgment was regular in every respect, and

also that the party who took the acknowledgment was reliable. This showing was sufficient to admit the photostatic copy of the deed in evidence as against the objection made by the appellant that its execution had not been sufficiently shown. Crosby v. Ardoin (Tex. Civ. App.) 145 S. W. 709.

■ A number of assignments complaining of the court's ruling in refusing to admit in evidence certain evidence offered by appellant. This court cannot determine the correctness of the trial court's ruling in the absence of a showing what the answer of the witnesses to the questions propounded would have been. Since there is no bill of exceptions containing this information in the record, the assignments will not be considered.

The judgment of the trial court is affirmed.