327 P.2d 781

**STATE** of Idaho, Plaintiff-Respondent,

v.

**Allen H. POLLOCK,** Defendant-Appellant.

No. 8554.

Supreme Court of Idaho.

July 9, 1958.

C. J. Hamilton, Coeur d'Alene, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Ingalls, Pros. Atty., Coeur d'Alene, for respondents.

SMITH, Justice.

Appellant was charged with willful and unlawful operation of a vehicle (conceded to have been a motor vehicle) March 3, 1956, while under the influence of intoxicating liquor in the City of Coeur d'Alene in violation of the city's ordinance and the state law, by a complaint filed in the city's police court. Trial had in the police court resulted in a judgment of conviction of appellant from which he appealed to the district court.

A jury trial in the district court also resulted in a judgment of conviction. The trial court thereafter denied appellant's motion for a new trial. Although appellant appealed from the judgment and

from the order denying a new trial, his specifications of error encompass only the denial of his motion for a new trial. This opinion is limited accordingly.

Appellant assigns error of the trial court in denying his motion for a new trial upon the ground that the court erred in refusing his requested jury instruction No. 1, reading:

"You are hereby instructed that you are to disregard the testimony to the effect that the defendant declined to submit to a blood alcohol test after being arrested."

I.C., sec. 49–352 provides that any person who operates a motor vehicle in this State shall be deemed to have given his consent to certain chemical tests of his person, including blood, for the purpose of determining the alcoholic content of his blood. Appellant predicates his assignment upon the portion of such section of the statute which reads:

"If such person having been placed under arrest and having thereafter been requested to submit to such chemical test refuses to submit to such chemical test the test shall not be given. * * *."

The assignment refers to testimony adduced by respondent of an officer of the police department of the city of Coeur d'Alene, as follows:

"Q. Now, at any time during that evening did you have a discussion with Mr. Pollock? A. After we placed him in the car and were going to the police station with him. We told him it was his right to a blood alcohol test if he wished one.

"Q. Would you state his answer? A. He said no, he didn't want one."

Appellant made no objection to such testimony when offered and received in evidence; and though the answer of the officer, that he told appellant it was his right to have a blood test if he wished one, may not have been within the purview of, nor responsive to, the first question propounded, nevertheless appellant at no time moved to strike the testimony.

Appellant made no objection to the admission of such testimony until after the close of all the evidence and after both the parties had rested. Then appellant for the first time registered his objection by the requested instruction designed to instruct the jury to disregard such elicited testimony, which the trial court refused.

Thompson on Trials, 2nd ed., Vol. 1, sec. 700 states the general rule applicable to the situation here, as follows:

"Moreover, it is incumbent on the defendant in a criminal case, as it is on a party in a civil case, if he would avail himself, on error or appeal, of

any of the irregularities committed on the trial of the case, to make his objection and to save his exception *at the time* when the irregularity was committed. Objections to evidence cannot, as a general rule, be made by a *motion to instruct* the jury to disregard the particular evidence."

Maxwell v. Hannibal, etc. Ry. Co., 85 Mo. 95, 106, supportive of Thompson's text, sets forth the following cogent reason for such rule:

"To allow a party to permit, without objection, the admission of evidence, and for the first time make his objection in instructions would be intolerable practice. If he had an opportunity to interpose an objection, he cannot take the chances that the testimony will be favorable to him and when it turns out otherwise raise his objection, but must be held to have waived it."

See also Singer Mfg. Co. v. Clay, 53 Mo. App. 412; Dreham v. Stifel, 41 Mo. 184, affirmed 8 Wall 595, 19 L.Ed. 508; Harrison v. Young, 9 Ga. 359; Vierling v. Iroquois Furnace Co., 170 Ill. 189, 48 N. E. 1069; Burke v. Wilbur, 42 Mich. 327, 3 N.W. 861; Brown v. Lessing, 70 Tex. 544, 7 S.W. 783; Missouri Pac. Ry. Co. v. Mitchell, 75 Tex. 77, 12 S.W. 810; Holland v. Riggs, 53 Tex.Civ.App. 367, 116 S.W. 167; 'Texas & Pacific Ry. Co. v. Foster, Tex.Civ.App., 58 S.W.2d 557;

Holly St. Land Co. v. Beyer, 48 Wash. 422, 93 P. 1065; 88 C.J.S. Trial § 118b, p. 240.

It therefore follows that the trial court committed no error in denying the requested jury instruction since appellant's objection to the referred to testimony in the form of the requested instruction was not timely.

■ Appellant does not appear to rely on his remaining assignment, that the trial court erred in denying the motion for a new trial because of insufficiency of the evidence to sustain the verdict, since he has not specified "the particulars in which the evidence is insufficient to sustain the verdict." I.C., sec. 19–2803; State v. Maguire, 31 Idaho 24, 169 P. 175; State v. Johnson, 39 Idaho 440, 227 P. 1052; State v. Shaw, 69 Idaho 365, 207 P.2d 540.

■ Appellant asserts the unconstitutionality of the quoted portion of I.C., sec. 49-352 as countenancing self-incrimination, unlawful search and seizure, and deprivation of property without due process, if thereunder, evidence may be adduced to show that appellant refused to submit to a blood alcohol test.

That question is not properly before us; appellant by failing to object to the testimony of the police officer, that appellant, when told that "it was his right to have a blood test if he wished one," replied, "he

didn't want one," thereby waived his right to raise the constitutional question if there be one, and became precluded from raising it the first time on this appeal.

■ A question of the constitutionality of a statute must be raised at the earliest possible moment consistent with good pleading and orderly procedure. Brady v. Place, 41 Idaho 747, 242 P. 314, 243 P. 654.

The judgment is affirmed.

KEETON, C. J., and PORTER, TAYLOR and McQUADE, JJ., concur.