386 P.2d 964

**ARGONAUT INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

v.

**A. L. WHITE, dba Al White Insurance Agency, C. T. Secaur, and Lloyd George, Defendants-Respondents.**

No. 9305.

Supreme Court of Idaho.

Nov. 20, 1963.

Moffatt, Thomas, Barrett & Blanton, Boise, for appellant.

Swayne & McNichols, Orofino, for respondents.

KNUDSON, Chief Justice.

On December 18, 1961, plaintiff-appellant Argonaut Insurance Company filed its complaint against defendants-respondents A. L. White dba Al White Insurance Agency (hereinafter referred to as White), C. T. Secaur and Lloyd George, seeking a judgment for damages in the sum of $5,-675.42.

On January 9, 1962, defendants Secaur and George filed their joint motion to dismiss the action as to them on the ground that "the complaint fails to state a claim against these defendants upon which relief can be granted." The order of the district court granting said motion and dismissing plaintiff's complaint with prejudice was filed November 28, 1962, and this appeal is from said order.

The only issue presented by this appeal is whether or not the trial court erred in granting the motion to dismiss. An examination of the complaint is essential to resolve such issue.

This court has repeatedly held that pleadings are to be liberally construed and when considering a motion to dismiss the complaint all facts alleged therein are to be considered as true, it is the plaintiff's alleged right to relief that is thereby challenged. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782; Williams v. Williams, 82 Idaho 451, 354 P.2d 747.

In the complaint it is alleged that appellant is authorized and qualified to issue Workmen's Compensation Insurance in this state; that during the period involved

White was authorized to act as agent for appellant under a written agency agreement, a copy of which is attached to the complaint; that on May 26, 1959, upon application forwarded by White, respondent George was issued a policy of insurance covering his employees; that on June 17, 1959, White requested of appellant a change in the name of the insured from George to defendant Secaur, representing that Secaur was the employer; that in reliance upon White's representation appellant issued its endorsement effecting the change of name of assured-employer on the policy and accordingly amended its bond on file with the Industrial Accident Board. The policy was on May 26, 1960, at the request of White, renewed for a term of one year.

Additionally, the complaint contains the following quoted paragraphs:

"VIII

"That on and before June 17, 1959, one Frank Burch, Sr., one Luther Profitt, defendant Lloyd George and defendant C. T. Secaur were individually and separately engaged in their own respective logging businesses as independent sole proprietors and defendant C. T. Secaur in each instance was the bookkeeper on an independent fee basis for each of said independent operators; that neither said Frank Burch, Sr._Luther Profitt or Lloyd George, or any of them, or the employees of any of them, was or were the employer or employees of said defendant, C. T. Secaur, at anytime mentioned herein.

"IX

"That on or about June 16, 1959, and immediately prior thereto, said defendant, C. T. Secaur, defendant Lloyd George, said Frank Burch, Sr. and said Luther Profitt jointly and with intent to deprive plaintiff of its rightful premiums, acted and conspired together to secure their workmen's compensation liability with plaintiff, Argonaut Insurance Company, under the name of defendant, C. T. Secaur as the sole employer of all of the employees of said defendant, C. T. Secaur, defendant Lloyd George, said Frank Burch, Sr. and said Luther Profitt, then and there well knowing that said C. T. Secaur in fact was not the employer of the employees of said defendant Lloyd George, said Frank Burch, Sr. and said Luther Profitt; furthering said conspiracy said persons then conveyed said facts to defendant A. L. White, and in furtherance of said scheme said defendant, A. L. White misrepresented the fact to said plaintiff, Argonaut Insurance Company, who had no knowledge of said scheme and conspiracy, and relied upon the misrepresenta-

tion of said defendant, A. L. White, and was damaged thereby.

"X

"By the foregoing acts, defendant A. L. White violated the terms and conditions of his said agency agreement with plaintiff, Argonaut Insurance Company, and exceeded his authority as set forth therein as said agent in requesting, binding and procuring said Workmen's Compensation Insurance Policy upon all of the employees of defendants, C. T. Secaur and Lloyd George and said Frank Burch, Sr. and Luther Profitt under the name of defendant C. T. Secaur as the sole employer and upon the premium rate applicable to coverage of the total number of employees of said defendants C. T. Secaur and Lloyd George and said Frank Burch, Sr. and Luther Profitt, which rate was less than would have been applicable on the individual and respective coverages of said defendants C. T. Secaur and Lloyd George and said Frank Burch, Sr. and Luther Profitt; defendant A. L. White, at the time of committing said act well knew that said Frank Burch, Sr. and Luther Profitt had previously carried Workmen's Compensation Insurance Policies with said Plaintiff, Argonaut Insurance Company, which policies had previously been cancelled by said plain-

tiff, and he, defendant A. L. White, as agent of plaintiff, Argonaut Insurance Company, lacked authority to bind coverage upon said Frank Burch, Sr. and Luther Profitt; further, said defendant, A. L. White, was fully aware that plaintiff, Argonaut Insurance Company, was not authorized by law to extend coverage upon any group of employers through their mutual bookkeeper under the ficticious designation as their common employer as was done by said defendant, A. L. White in this instance."

It is further alleged in the complaint that during the period covered by the renewal of said policy three persons (employees of George) each received a personal injury caused by accident arising out of and in the course of their employment; that following a hearing regularly had before the Industrial Accident Board of the State of Idaho upon said employees' claims for compensation appellant was required, by order of said board, to make payment of all compensation, medical and kindred expenses required by the Workmen's Compensation Law to be paid to or on behalf of said employees. A copy of such order is attached to and by reference made a part of the complaint.

The relief sought by appellant under said complaint is judgment in an amount sufficient to reimburse appellant for pay-

ments made to said employees, together with expenses and attorneys' fees incident to the proceedings had.

The record does not disclose in what respect the trial court considered the complaint to be deficient, however from our examination of the pleading in the light of applicable rules it is clear that the court erred in dismissing the action upon the motion made. The complaint clearly alleges that respondents, together with White and others, acted and conspired together in misrepresenting facts to appellant with an intent to deprive appellant of its rightful premiums and as a result of their acts in pursuance of such scheme and conspiracy appellant was damaged thereby.

Respondents argue that a civil conspiracy does not exist as a cause of action, or constitute a claim for relief in Idaho, and that the allegations of conspiracy in this complaint should be treated as surplusage. Respondents cite Dahlquist v. Mattson, 40 Idaho 378, 233 P. 883, as supporting their contention, however we think the following quotation from said case properly answers such contention:

" 'It is quite well settled that a conspiracy to commit an actionable wrong is not in itself a cause of action. Wrongful acts committed by conspirators resulting in injury alone give rise to a cause of action.' "

The gist of a civil action for conspiracy is the act or acts committed in pursuance thereof, the damage, not the conspiracy or the combination. Brictson v. Woodrough, 8 Cir., 164 F.2d 107. In the instant case it is alleged that injury resulted from acts done in pursuance of the conspiracy.

We also disagree with respondent's contention that the complaint is insufficient "since no tender of unearned premium is pleaded." Any issue concerning unearned premiums which may be developed in this case is not before us on this appeal. Likewise this appeal does not involve any issue of estoppel or of imputed knowledge on the part of any party.

In this connection it should be mentioned that appellant also presents argument and cites authority as to what measure of damages should govern appellant's right of recovery in this case. Such contentions and discussions are beside the issue presented by this appeal.

The specifications of error encompass only the trial court's action in dismissing the complaint. This opinion is limited accordingly. State v. Pollock, 80 Idaho 256, 327 P.2d 781.

The order dismissing the complaint is reversed and the complaint ordered reinstated. Costs to appellant.

McFADDEN, TAYLOR and SMITH, JJ., and HYATT, D. J., concur.